United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Floreal Remy, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-22781-Civ-Scola |
| Public Defender Nixon Caroche and others, Defendants. | ) |
| | ) |

## Order Dismissing Case

This matter is before the Court on an independent review of the record. Plaintiff Floreal Remy initiated this action on July 7, 2020, pursuant to 42 U.S.C. § 1983, alleging that various Public Defenders are "State or local officials" who violated his rights under the Fifth Amendment, Sixth Amendment, and Fourteenth Amendment to the U.S. Constitution. (ECF No. 1 at 4.) The Plaintiff's complaint alleges that:

> [M]y court appointed attorney in which I had no knowledge of started making court hearings/proceedings without my knowledge. In which from that point on 3 more appointed court attorneys proceeded to have more hearings/hold court proceedings without my knowledge. I never had any contact with them verbally or physically. Which indicates a miscarriage of justice and fraudulent acts committed by the above style mentioned attorneys.

(*Id.* at 5.) The complaint provides no detail as to the substance of these purported hearings, such as their purpose, when or before whom they were held, or how they were in any way "fraudulent" or resulted in a "miscarriage of justice." The Plaintiff also claims to have "suffered mental anguish," "psychological distress," "deprivation of my freedom" and "emotional distress." (*Id.* at 8.) Again, the complaint does not explain how the superficially described "hearings" and "proceedings" caused, *e.g.*, "emotional distress" in violation of the U.S. Constitution. Finally, as compensation for the purported wrongdoing, the Plaintiff seeks seven million dollars. (*Id.* at 6.)

As a threshold matter, the Defendants are public defenders and the Eleventh Circuit Court of Appeals has held that public defenders cannot be held liable under § 1983 "because they are not state actors for purposes of § 1983." *Rolle v. Glenn*, 712 F. App'x 897, 899 (11th Cir. 2017) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a public defender does not act under color

of state law, as required under § 1983, when he performs a lawyer's traditional function by acting as defense counsel in a criminal proceeding)).) Even absent that threshold defect in the complaint, the Court would dismiss this action. "[D]istrict courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties." *Davis v. Kvalheim,* 261 F. App'x 231, 234-35 (11th Cir. 2008). Here, the complaint is "clearly baseless and without arguable merit in fact." *Id.* As a result, this case is **dismissed** under both the Court's inherent authority and 28 U.S.C. § 1915(e)(2)(B)(i). *Id.*

The **Clerk** is instructed to **close** this case and **mail** a copy of this order to the Plaintiff at the address listed below. All pending motions, if any, are **denied** as moot.

**Done and ordered**, in chambers, at Miami, Florida on July 27, 2020.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies to:*
Floreal Remy
190166484
Miami-Dade County-PDC
Pretrial Detention Center
Inmate Mail/Parcels
1321 NW 13th Street
Miami, FL 33125